UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants.

CASE NO. 2:19-CV-12506
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER AND ORDER ON REMAND PARTIALLY DISMISSING COMPLAINT AND ORDER TRANSFERRING THE REMAINDER OF THE COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

This case is on remand from the United States Court of Appeals for the Sixth Circuit. *See Meeks v. MDOC, et. al.,* No. 19-2240 (6th Cir. July 20, 2020).

Plaintiff Anthony Meeks filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner who is incarcerated at the Cotton Correctional Facility in Jackson, Michigan.

For the reasons that follow, the complaint is dismissed without prejudice against defendants Michigan Department of Corrections, Heidi Washington, S. Campbell, Officer Monroe, and Sergeant Muhr. The Court

will transfer the remainder of the complaint to the United States District Court for the Western District of Michigan for further proceedings.

## I. BACKGROUND

Plaintiff alleges that while incarcerated at the Gus Harrison Correctional Facility, he was charged with a Class I major misconduct ticket. Plaintiff claims he was found guilty of this misconduct and lost six months credit against his prison sentence. Plaintiff moved for a rehearing, but was denied relief.

Plaintiff attempted to challenge the misconduct conviction in the Ingham County Circuit Court, but that court returned plaintiff's pleadings to him and rejected plaintiff's request to waive the initial filing fee because plaintiff owed filing fees from previous cases. (ECF 1, PageID. 9). Plaintiff filed a motion for reconsideration, which was forwarded to a law clerk at the Ingham County Circuit Court. The law clerk sent plaintiff a letter informing him that pursuant to M.C.L.A. 600.2963(8), a court cannot waive an initial filing fee when the prisoner or inmate owes filing fees from previous cases, as plaintiff did. (ECF No. 1, PageID. 10).

Plaintiff filed an application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the appeal for lack of jurisdiction because the law clerk's letter was not an appealable

order under Michigan law. The Michigan Court of Appeals further held that even if the law clerk's letter could be construed as an order, the appeal was untimely because it was filed more than six months after the letter had been issued. *Meeks v. Department of Corrections,* No. 347871 (Mich.Ct.App. Apr. 16, 2019)(ECF No. 1, PageID. 11). The Michigan Court of Appeals denied plaintiff's motion for reconsideration but without prejudice to him filing a complaint for superintending control in the Michigan Court of Appeals against the Ingham County Circuit Court regarding the filing fee issue. *Meeks v. Department of Corrections,* No. 347871 (Mich.Ct.App. June 12, 2019)(ECF No. 1, PageID. 12).

The Michigan Supreme Court denied plaintiff leave to appeal. *Meeks v. Dep't of Corr. Dir.*, 504 Mich. 949, 931 N.W.2d 314 (2019).

Plaintiff sues the Michigan Department of Corrections, Heidi Washington, S. Campbell, Officer Monroe, and Sergeant Muhr. Plaintiff alleges that these defendants wrongly charged and convicted him of a prison major misconduct, leading to the forfeiting of six months' sentencing credit. Plaintiff also sues Shauna Dunning, the Ingham County Circuit Court Administrator, a Judge John or Jane Doe of the Ingham County Circuit Court, Michael Lewycky, the Court Clerk of the Ingham County Circuit Court, Chief Judge Christopher M. Murray of the Michigan Court of

Appeals, Judge Patrick M. Meter, the presiding judge of the Michigan Court of Appeals, Jerome W. Zimmer, the Chief Court Clerk of the Michigan Court of Appeals, Chief Justice Bridget M. McCormick of the Michigan Supreme Court, Justices John and Jane Doe of the Michigan Supreme Court, and Larry Royster, the Court Clerk of the Michigan Supreme Court. Plaintiff alleges that these defendants denied him his right to access to the courts. Plaintiff seeks an order from this Court directing these courts to permit plaintiff to file an appeal challenging his prison misconduct conviction.

## II.  STANDARD OF REVIEW

Plaintiff is now being allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

**A. Plaintiff's claim involving the misconduct ticket fails to state a claim upon which relief can be granted.**

Plaintiff initially claims that he has wrongfully been convicted of a prison misconduct charge.

Plaintiff would be unable to obtain monetary damages against the defendants arising out of the prison misconduct ticket and the resultant loss

of good time credit absent a showing that his misconduct conviction had been overturned.

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The *Heck* doctrine has been extended to prisoner civil rights suits which seek monetary damages involving challenges to the procedures used to deprive a prisoner of her good time credits. In *Edwards v. Balisok*, 520 U.S. 641, 646-648 (1997), the Supreme Court held that a state prisoner's claims for damages for due process violations based upon the procedures used in a disciplinary hearing that resulted in the deprivation of disciplinary credits was not cognizable under § 1983 because the principal primary defect complained of by the prisoner would, if established, necessarily imply the invalidity of that deprivation. Plaintiff's challenges to his misconduct hearing and the resultant loss of any 'good time' credits would affect the length of his sentence and are thus barred by *Edwards* and *Heck*. See *LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013).

The Court dismisses the complaint against Michigan Department of Corrections, Heidi Washington, S. Campbell, Officer Monroe, and Sergeant Muhr. Because the Court is dismissing the prison misconduct ticket claim pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

### B. The complaint is dismissed against the Michigan Department of Corrections.

The complaint must also be dismissed against the Michigan Department of Corrections, because it is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment would bar plaintiff's civil rights action against the Michigan Department of Corrections. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002). The Court dismisses the Michigan Department of Corrections from the case.

### C. The remainder of the complaint is transferred to the United States District Court for the Western District of Michigan.

The remainder of the complaint is transferred to the United States District Court for the Western District of Michigan, because venue is not proper in this district.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b).  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a).  Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, plaintiff's access to the courts claim must be transferred to the Western District of Michigan. All of the remaining named defendants work in Lansing, Michigan (ECF No. 1, PageID. 2-3). Lansing is located in Ingham County, Michigan, which is in the United States District Court for the Western District of Michigan. Public officials "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 33 Ohio Misc. 137, 472 F. 2d 789, 791 (6th Cir.1972).

Venue for the remainder of plaintiff's lawsuit is not proper in the Eastern District of Michigan, because plaintiff failed to allege that any of the acts, events, or omissions which form the basis of his access to the courts claim took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred. Accordingly, this matter will be transferred to that district for further proceedings.

## IV. ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's claims against the Michigan Department of Corrections, Heidi Washington, S. Campbell,

Officer Monroe, and Sergeant Muhr are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court **FURTHER ORDERS** the Clerk of the Court to transfer the remainder of this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

Dated:  August 31, 2020

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 31, 2020, by electronic and/or ordinary mail and also on Anthony Meeks #176401, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Brianna Sauve  
Deputy Clerk