UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

ANTHONY MEEKS,

        Plaintiff,                  Case No. 1:20-cv-839

v.                                            Honorable Janet T. Neff

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because the claims raised are legally frivolous or fail to state a claim.

**Discussion**

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County,

Michigan. The events about which he complains, however, occurred at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan.

Plaintiff's complaint names the following Defendants:

1. the MDOC, its Director Heidi Washington, ARF Warden S. Campbell, ARF Corrections Officer Unknown Monroe, and ARF Sergeant Unknown Muhr (herein, collectively, the MDOC Defendants);

2. Ingham County Circuit Court John or Jane Doe, Ingham County Circuit Court Administrator Shauna Dunning, and Ingham County Circuit Court Clerk Michael G. Lewycky (herein, collectively, the ICCC Defendants);

3. Michigan Court of Appeals Chief Judge Christopher Murray, Michigan Court of Appeals Presiding Judge Patrick M. Meter, and Michigan Court of Appeals Chief Clerk Jerome W. Zimmer Jr. (herein, collectively, the MCOA Defendants);

4. Michigan Supreme Court Justice Bridget M. McCormack, Michigan Supreme Court Justice John or Jane Doe; and Michigan Supreme Court Clerk Larry S. Royster (herein, collectively, the MSC Defendants).

(Compl., ECF No. 1, PageID.1-3.) Each individual Defendant is sued in his or her official and individual capacities.

Plaintiff alleges that on December 11, 2017, while he was incarcerated at ARF, Defendant Monroe, at Defendant Muhr's request, wrote a major misconduct report against him for substance abuse. On December 13, 2017, Defendant Muhr added a charge of smuggling coffee. Following a hearing, Plaintiff was found not guilty of substance abuse, but guilty of smuggling. Plaintiff claims that as a result of being found guilty for a major misconduct, Defendant Campbell forfeited over six months of disciplinary credits. Plaintiff describes that event as adding six months to his sentence.

Plaintiff sought a rehearing, but his request was denied. Then, Plaintiff attempted to file an appeal in the Ingham County Circuit Court. His appeal papers were returned by the court with a letter under the indecipherable signature of a law clerk. (May 3, 2018 Correspondence, ECF No. 1, PageID.9.) The clerk noted that Plaintiff still owed fees from another case file and

that "'[a] prisoner who has failed to pay outstanding fees and costs as required . . . shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.'" (*Id.*) (quoting Mich. Comp. Laws § 600.2963(8)).

Plaintiff asked for reconsideration. The Court responded with correspondence from Defendant Lewycky, a law clerk. (ECF No. 1, PageID.10.) Lewycky informed Plaintiff that his appeal could not be filed under Mich. Comp. Laws § 600.2963(8). Plaintiff waited almost a year before he filed a delayed application for leave to appeal the circuit court's resolution of his appeal. By order entered April 16, 2019, Defendant Murray dismissed the appeal for lack of jurisdiction because the May 3, 2018 letter was not a judgment or order of the circuit court that could be the subject of an application for leave to appeal. (Mich. Ct. App. Order, ECF No. 1, PageID.11.) Defendant Murray explained further that even if the letter were considered an order, the application was untimely. (*Id.*) The order was entered and certified by Defendant Zimmer.

Plaintiff sought reconsideration. A panel including Defendant Meter, Judge Kirsten Frank Kelly, and Judge James Robert Redford denied reconsideration, but noted that the denial and the dismissal of Plaintiff's application for leave to appeal did not preclude Plaintiff from filing an original complaint for writ of superintending control in the court of appeals. (Mich. Ct. App. Order, ECF No. 1, PageID.12.) Again, Defendant Zimmer entered and certified the order. (*Id.*)

Plaintiff then filed an application for leave to appeal to the Michigan Supreme Court. That Court denied leave by order entered July 29, 2019. (Mich. Order, ECF No. 1, PageID.13.) The order lists all seven justices of the supreme court, but Plaintiff sued only Defendant McCormack. (*Id.*) The order was entered and certified by Defendant Royster. (*Id.*)

Plaintiff claims the Ingham County Circuit Court denied him his First Amendment rights, presumably of access to the courts. Plaintiff also contends that the misconduct finding that,

3

in Plaintiff's words, added six months to his sentence, deprived him of life, liberty, property, and freedom, presumably without due process of law, in violation of the Fourteenth Amendment. Plaintiff also makes reference to the Equal Protection Clause of the Fourteenth Amendment and he claims these circumstances violated his Sixth Amendment rights.

Plaintiff asks this Court to declare that Defendants have violated his constitutional rights, to reverse the finding of guilt on the misconduct and restore the six months of disciplinary credit that was forfeited, to determine that the state courts' applications of Mich. Comp. Laws § 600.2963(8) is unconstitutional, and to compel the state courts to read Mich. Comp. Laws § 600.2963 in its entirety so as to permit Plaintiff to pursue his appeals. Plaintiff does not seek damages.

Plaintiff initially filed his complaint in the United States District Court for the Eastern District of Michigan. That court denied Plaintiff *in forma pauperis* status based on the erroneous conclusion that Plaintiff had accumulated three strikes under 28 U.S.C. § 1915, and dismissed the case for failure to pay the filing fee. Plaintiff appealed and the Sixth Circuit Court of Appeals concluded that one of the strikes relied upon by the district court was not a strike. The court reversed the "three strike" determination and the dismissal and remanded to the district court for further proceedings.

The district court then partially dismissed the complaint—specifically, the claims against the MDOC Defendants, including all of the claims against the Defendants residing in the Eastern District of Michigan—and transferred the remainder of the complaint to this Court as a more convenient forum.

**II.    *In forma pauperis* status**

The United States District Court for the Eastern District of Michigan noted that Plaintiff was allowed to proceed without prepayment of fees (Op., ECF No. 11, PageID.70), but it

did not order the payment of fees over time as required by 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The documents Plaintiff filed in support of motion to proceed *in forma pauperis* (ECF No. 2) establish his indigence are now more than a year old and do not provide timely information to permit computation of an initial partial filing fee. In lieu of requiring Plaintiff to update his trust account statement, the Court will simply proceed as if Plaintiff did not have sufficient funds to require payment of an initial partial filing fee. The Court will enter an order granting Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and ordering the payment of the filing fee over time.

### III.     Reconsideration of the dismissal of the MDOC Defendants

Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010). Reconsideration is appropriate when there is "a palpable defect . . . [and] that a different disposition of the case must result from a correction thereof." *Id.*

The United States District Court for the Eastern District of Michigan dismissed Plaintiff's claims against the MDOC because that department is not a "person" under 42 U.S.C. § 1983 and because the MDOC was immune from suit under the Eleventh Amendment. The court dismissed the other MDOC Defendants, however, because the court concluded that Plaintiff's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The court's conclusion, however, appears to be based on a faulty premise. The court addressed Plaintiff's loss as a loss of "good time" credits. (Op., ECF No. 11, PageID. 72) ("Plaintiff's challenges to his misconduct hearing and the resultant loss of any 'good time' credits would affect the length of his sentence and are thus barred by *Edwards* and *Heck*."). Plaintiff, however, was not eligible to earn "good time" credits.

5

Plaintiff was convicted and sentenced in 1994. *See* https://mdocweb.state.mi.us/ OTIS2/otis2profile.aspx?mdocNumber=176401 (visited Sept. 10, 2020). "Good time" credits, however, are only available to prisoners who are serving sentences for crimes committed before April 1, 1987. Mich. Comp. Laws § 800.33(2). Prisoners who are serving sentences for crimes committed on or after that date, such as Plaintiff, are eligible to earn disciplinary or special disciplinary credits. Mich. Comp. Laws § 800.33.[1] In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Therefore, the *Thomas* court reasoned, *Heck* would not bar Thomas's § 1983 claim. *Id.*; *see also Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005) (where challenge to prison administrative proceeding, if successful, would merely speed consideration of a parole application, it would not necessarily spell speedier release and, therefore, does not lie at the core of habeas corpus); *Hill v. Snyder*, 878 F.3d 193, 207, 210 (6th Cir. 2017) (disciplinary credits and disciplinary time do not affect the duration of a prisoner's sentence; therefore, the *Heck* bar does not apply); *Taylor v. Lantagne*, 418 F. App'x 408, 410-13 (6th Cir. 2011) (disciplinary time does not affect the duration of a prisoner's sentence; therefore the *Heck* bar does not apply).

Because Plaintiff's forfeiture of disciplinary credits would not necessarily impact the duration of his sentence, *Heck* does not bar his claim. Accordingly, the Court vacates that part of the opinion dismissing Plaintiff's claims against Defendants Washington, Campbell, Monroe and Muhr based on *Heck*.

---

[1] Disciplinary credits did not last long. The current iteration of Michigan's good behavior reward scheme is known as "disciplinary time." For some crimes committed after December 15, 1998, and all crimes committed after December 15, 2000, Michigan prisoners are "penalized" with "disciplinary time" under a statute that abolished the disciplinary credit system. Mich. Comp. Laws § 800.34.

**IV.     Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## V. Official capacity claims and sovereign immunity

The United States District Court for the Eastern District of Michigan properly dismissed Plaintiff's claims against the MDOC because, regardless of the form of relief requested—damages or injunctive or declaratory relief—the states and their departments are immune under the Eleventh Amendment from suit in federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).

Plaintiff sues the individual Defendants in their personal and official capacities. A suit against an individual in her official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC or the state courts. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). But, Plaintiff does not seek damages; he seeks injunctive relief. An official-capacity action seeking prospective injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Therefore, even though Plaintiff's suit against the MDOC is barred by Eleventh Amendment immunity, his official capacity claims against the individual Defendants are not.

### VI.     Claims against Defendants Washington, Campbell, Monroe, and Muhr

Plaintiff alleges that the MDOC Defendants violated Plaintiff's due process rights in connection with the prison disciplinary proceeding that resulted in the forfeiture of disciplinary credits.  As explained above, the Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits for prisoners convicted of crimes occurring after April 1, 1987.  In *Thomas*, 481 F.3d 434, the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence.  Rather, it merely affects parole eligibility, which remains discretionary with the parole board.  *Id.* at 440.  Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement.  355 F. App'x at 912; *accord, Taylor*, 418 F. App'x at 412.

In the absence of a demonstrated liberty interest, Plaintiff has failed to state a due-process claim based on the loss of disciplinary credits.  *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).  Accordingly, the Court will dismiss Plaintiff's claims against the remaining Defendants Washington, Campbell, Monroe, and Muhr.

### VII.    Claims against the ICCC Defendants, the MCOA Defendants and the MSC Defendants for application of Mich. Comp. Laws § 600.2963(8) to bar Plaintiff's appeal of his disciplinary conviction

#### A.     The *Rooker-Feldman* doctrine

In *Coleman v. Governor of Michigan*, 413 F. App'x 866 (6th Cir. 2011), the Sixth Circuit Court of Appeals described the *Rooker-Feldman* doctrine as follows:

> The initial question in this case, then, is whether the district court and this Court have authority to review the substance of this matter pursuant to the *Rooker–Feldman* doctrine.

\*     \*     \*

> The Supreme Court first held that, pursuant to 28 U.S.C. § 1257, lower district courts lacked the subject matter jurisdiction to directly review state court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Accordingly, only the Supreme Court of the United States has the jurisdiction to review state court decisions. *Rooker*, 263 U.S. at 416. Sixty years later, the Supreme Court reaffirmed this holding in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). There, the plaintiff challenged the District of Columbia's rule for bar admission in the district court after being denied permission to sit for examination by the District of Columbia Court of Appeals. *Feldman*, 460 U.S. at 468-69. The Supreme Court upheld the district court's dismissal of the claim for lack of subject matter jurisdiction, noting that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Id*. at 482 n. 16. Together, the *Rooker* and *Feldman* decisions have combined to make the *Rooker–Feldman* doctrine, which prohibits district courts from conducting appellate review of state court decisions.
>
> In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the Court held that the *Rooker-Feldman* doctrine applied to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Nevertheless, where an individual makes a claim concurrently with or independent from the state court proceeding, the Supreme Court emphasized that the district court has jurisdiction to review that claim. *Id*. at 293. As the Court notes, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id*. (internal quotations omitted).
>
> The Sixth Circuit explains the inquiry to whether the *Rooker-Feldman* doctrine applies after *Exxon* as follows:
>
>> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
>
> *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

*Coleman*, 413 F. App'x at 870-71.

In *Coleman*, the Sixth Circuit considered whether *Rooker-Feldman* deprived the district court of subject-matter jurisdiction where several Plaintiff's challenged the

10

constitutionality of Mich. Comp. Laws § 600.2963(8), on its face and as applied. The court explained:

> All of these . . . constitutional challenges . . . are barred by the *Rooker-Feldman* doctrine. Following the *McCormick* analysis, Plaintiffs' source of injury from § 600.2963(8) originates from the state court's application of the statute to Plaintiffs—either through refusal to file judicial-review claims, duration-of-confinement claims and petitions for writ of habeas corpus or through refusal to grant fee waivers pursuant to § 600.2963(7). While Plaintiffs argue that the court's refusal to file the pleadings was an administrative task, the Supreme Court has held that a "judicial inquiry in which the court was called upon to investigate, declare, and enforce liabilities as they stood on present or past facts and under laws supposed already to exist" will constitute a judicial decision for the purposes of the *Rooker-Feldman* doctrine. *Feldman*, 460 U.S. at 479 (internal quotation marks omitted). Plaintiffs were denied filing and petitioning based upon past facts and the state court's interpretation of those facts in light of § 600.2963(8).
>
> Even when considering Plaintiffs' request for injunctive relief against future fee waivers or judicial petitions, this court cannot grant this request without predicating the decision on a determination that the state court's prior decisions to deny fee waiver were improper. *See Lawrence*, 531 F.3d at 371 (following other circuits in finding that "claims seeking injunctive relief are barred by *Rooker-Feldman* if they necessarily require the federal court to determine that a state court judgment was erroneously entered" (string citations omitted)); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 510 (6th Cir. 2000) (rejecting plaintiff's general constitutional challenge to § 600.2963 because the core of his claim was that the state rule was unconstitutional as applied to him); *Carney v. Christiansen*, 422 F. Supp. 2d 841, 849-50 (W.D. Mich. 2006) (same). Any attempt to review the Circuit Court's application and interpretation of § 600.2963(8) to Plaintiffs by the district court would amount to an appellate review of the state court's decision on this matter. Plaintiffs' proper recourse for these challenges must be the Michigan state court system and ultimately the Supreme Court of the United States. Because the district court lacks subject matter jurisdiction over such a claim, the district court correctly dismissed Plaintiffs' constitutional challenges to § 600.2963(8).

*Coleman*, 413 F. App'x at 872.

The *Coleman* court's reasoning is persuasive. Plaintiff's claims that the court Defendants unconstitutionally applied Mich. Comp. Laws § 600.2963(8) to bar his claims is likewise outside the subject-matter jurisdiction of this Court under the *Rooker-Feldman* doctrine. Accordingly, those claims will be dismissed without prejudice. Although the dismissal is without prejudice, a claim dismissed on the basis of the *Rooker-Feldman* doctrine is legally frivolous and

11

constitutes a dismissal pursuant to 28 U.S.C. § 1915(g).  *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, 27 F. App'x 491, 493-94 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

      **B.**      **Injunction against a judicial officer under 42 U.S.C. § 1983**

To the extent the Court had subject matter jurisdiction to entertain Plaintiff's requests for injunctive relief, such relief is barred by the statute pursuant to which Plaintiff seeks relief.  Section 1983 of Title 42, United States Code provides "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . ." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable.

Certainly the Defendants who are judges or justices are "judicial officers;" but, the clerks and administrators enjoy that protection as well.  In *Coleman*, the Sixth Circuit concluded that the court clerks and administrators of the Ingham County Circuit Court were simply executing judicial orders regarding the application of Mich. Comp. Laws § 600.2693(8) when they refused to accept for filing, and then returned the Plaintiffs' pleadings.  *Coleman*, 413 F. App'x at 873-74. Therefore, the *Coleman* court concluded, those clerks and administrators were entitled to the protections against injunctive relief as "judicial officers" under 42 U.S.C. § 1983.  *Id.*; *see also Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) (applying § 1983 injunctive relief protection for judicial officers to Judge Ridge and Clerk Boss); *Smiles v. Royster*, No. 18-1440, 2018 WL 4998196, at *3 (6th Cir. 2018) (applying § 1983 injunctive relief protection for judicial officers to Chief Clerk Royster and Deputy Clerk Meyer).  Moreover, the *Coleman* court

determined that enforcement of Mich. Comp. Laws § 600.2693(8), was a judicial act. *Coleman*, 413 F. App'x at 873-74; *see also Smiles*, 2018 WL 4998196, at *2 ("Again, enforcing statutes and court rules governing the filing of pleadings is clearly a judicial act."). Accordingly, the Court concludes that, if it had subject matter jurisdiction over Plaintiff's complaint, Plaintiff has failed to state a claim for injunctive relief against the ICCC Defendants, the MCOA Defendants, and the MSC Defendants, under 42 U.S.C. § 1983.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court notes that Plaintiff's claims against the MDOC have already been dismissed for failure to state a claim. The Court vacates the prior dismissal of Defendants Washington, Campbell, Monroe and Muhr based on the Heck bar; but, the Court concludes that those claims are properly dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Additionally, the Court dismisses Plaintiff's claims against the ICCC Defendants, the MCOA Defendants, and the MSC Defendants without prejudice because, under the *Rooker-Feldman* doctrine, the Court does not have subject-matter jurisdiction over them. The Court notes, however, that if the Court had subject-matter jurisdiction over the claims, those claims, which consist entirely of claims for injunctive relief against judicial officers for judicial acts, would also be properly dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the

Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g). It is Plaintiff's third such dismissal.

A judgment and order consistent with this opinion will be entered.


Dated:   September 17, 2020                    /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge